31856/13442/JAF/MWM                                                                                   ARDC#6280632

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW J. SEBASTIANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 CV 02074 |
| v. | ) | |
| | ) | Hon. Judge Marvin Aspen |
| SWIFT TRANSPORTATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANT, SWIFT TRANSPORTATION COMPANY, INC.'S ANSWER AND
AFFIRMATIVE DEFENSE TO PLAINTIFF'S AMENDED COMPLAINT AT LAW</u>**

NOW COMES the Defendant, SWIFT TRANSPORTATION COMPANY, INC., by and through its attorney, Matthew W. Miller of CASSIDAY SCHADE, LLP, and for its *Answer* and *Affirmative Defense* to Plaintiff's *Amended Complaint at Law*, states as follows:

1. Defendant, SWIFT TRANSPORTATION COMPANY, INC, has no personal knowledge of the allegations contained in paragraph 1 of Plaintiff's *Amended Complaint at Law* and therefore cannot admit or deny said allegations but demands strict proof thereof.

2. Defendant, SWIFT TRANSPORTATION COMPANY, INC, has no personal knowledge of the allegations contained in paragraph 2 of Plaintiff's *Amended Complaint at Law* and therefore cannot admit or deny said allegations but demands strict proof thereof.

3. Defendant, SWIFT TRANSPORTATION COMPANY, INC, admits that it is a corporate citizen of the State of Arizona.

4.       Defendant, SWIFT TRANSPORTATION COMPANY, INC, has no personal knowledge of the allegations contained in paragraph 4 of Plaintiff's *Amended Complaint at Law* and therefore cannot admit or deny said allegations but demands strict proof thereof.

## COUNT I

### KEITH PORTER

Defendant, SWIFT TRANSPORTATION COMPANY, INC., makes no answer to Count I of Plaintiff's *Amended Complaint at Law,* as it is not directed at this Defendant. To the extent that any allegations are, or are intended to be directed at Defendant, SWIFT TRANSPORTATION COMPANY, INC., those allegations are hereby denied.

## COUNT   II

### SWIFT TRANSPORTATION COMPANY, INC.

1.       Defendant admits that it owned the tractor Co-Defendant Keith Porter was operating on November 2, 2007. Defendant has no personal knowledge of the remaining allegations contained in paragraph 1 of Count II of Plaintiff's *Amended Complaint at Law* and therefore cannot admit or deny said allegations but demands strict proof thereof.

2.       Admit.

3.       Admit.

4.       Defendant admits that Co-Defendant Keith Porter was an employee of SWIFT TRANSPORTATION COMPANY on November 2, 2007.

5.       Defendant admits that it had its name placarded on the tractor and trailer Co-Defendant Keith Porter was operating on November 2, 2007. Defendant has no personal knowledge

of the remaining allegations contained in paragraph 5 of Count II of Plaintiff's *Amended Complaint at Law* and therefore cannot admit or deny said allegations but demands strict proof thereof.

6.　　Defendant, SWIFT TRANSPORTATION COMPANY, INC., denies the allegations contained in paragraph 6 of Count II of Plaintiff's *Amended Complaint at Law*, including those allegations contained in subparagraphs (a)-(g).

7.　　Denied.

### **AFFIRMATIVE DEFENSE – CONTRIBUTORY NEGLIGENCE**

Pursuant to Rule 8(c), Defendant, SWIFT TRANSPORTATION COMPANY, INC. asserts the following Affirmative Defense:

1. That on or about November 2, 2007 and at the time and place alleged in Plaintiff's *Amended Complaint at Law*, ANDREW J. SEBASTIANO, owed a duty of care to himself and the drivers of certain other vehicles then and there on the roadway.

2.　　That Plaintiff, ANDREW J. SEBASTIANO, own negligence or fault caused or contributed to the alleged motor vehicle accident and the damages and injuries allegedly arising therefrom in one or more of the following negligent and careless ways:

3.　　That Plaintiff, ANDREW J. SEBASTIANO:

   a) Failed to maintain a proper lookout for other traffic;
   b) Failed to reduce speed or change direction in order to avoid an accident;
   c) Operated his vehicle at a rate of speed which was greater than was reasonable and proper for the conditions;
   d) Failed to equip said vehicle with adequate brakes; and
   e) was otherwise careless and negligent.

4. That said breaches of duty contributed to or were the proximate cause of any damages sustained by Plaintiff, including any property damage sustained to Plaintiff's vehicle at the time of impact with the Defendant's vehicle.

5. That the negligence of Plaintiff, ANDREW J. SEBASTIANO constituted greater than 50% of the total negligence such that SWIFT TRANSPORTATION COMPANY, INC. is entitled to judgment as a matter of law. Alternatively, to the extent the trier of fact finds the negligence of ANDREW J. SEBASTIANO to be less than 50%, Defendant is entitled to a reduction in the award against it in an amount commensurate with the degree of fault attributable to the negligent conduct of SWIFT TRANSPORTATION COMPANY, INC.

WHEREFORE, Defendant, SWIFT TRANSPORTATION COMPANY, INC., respectfully prays that Plaintiff be barred from recovery on his *Amended Complaint at Law* and, in the alternative, that this Court reduce any judgments in Plaintiff's favor by an amount commensurate with Plaintiff's degree of contributory fault in proximately causing the alleged damages at issue.

CASSIDAY SCHADE LLP

By: s/ Matthew W. Miller
Attorneys for SWIFT TRANSPORTATION COMPANY, INC.

James A. Foster
Matthew W. Miller
Cassiday Schade, LLP
20 North Wacker Drive, Ste. 1040
Chicago, IL  60606-2903
312/641-3100
7118637 MMILLER

31856/13442/JAF/MWM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW J. SEBASTIANO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 L 13694 |
| | ) | |
| v. | ) | Judge Marvin Aspen |
| | ) | |
| REDMON'S VILLAGE TOWING, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE - ELECTRONIC/U.S. MAIL/FAX

The undersigned certifies that on **May 15, 2008**, the following described document(s) was served upon all Filing Users pursuant to General Order on Electronic Case Filing, and upon all Non-Filing Users pursuant to LR 5.5:

DOCUMENT DESCRIPTION:   Defendant, Swift Transportation Company, Inc.'s Answer and Affirmative Defense to Plaintiff's Amended Complaint at Law

ADDRESSED AS FOLLOWS:   Donald R. Brewer
444 N. Route 31, Suite 100
Crystal Lake IL 60012
(815) 356-6900
(815) 459-1573

Under penalties provided by law, pursuant to 735 ILCS 5/1-109, the undersigned certifies that the statements made herein are true and correct.

    __s/ Matthew W. Miller_____
One of the Attorneys for Defendant,
SWIFT TRANSPORTATION COMPANY., INC.

Matthew W. Miller
ARDC #: 6280632
CASSIDAY SCHADE LLP
20 N. Wacker Dr., #1040
Chicago, IL  60606
(312) 641-3100
7119124 MMILLER;BWEEKS