31856/13442/JAF/MWM                                                ARDC#6280632

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW J. SEBASTIANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 CV 02074 |
| v. | ) | |
| | ) | Hon. Judge Marvin Aspen |
| SWIFT TRANSPORTATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION TO COMPEL

NOW COMES the Defendant, SWIFT TRANSPORTATION COMPANY, INC .(hereinafter "SWIFT"), by and through its attorney, Matthew W. Miller of CASSIDAY SCHADE, LLP, and moves this Honorable Court to compel the Plaintiff, ANDREW J. SEBASTIANO, to respond to Defendant's outstanding written discovery pursuant to the Federal Rules of Civil Procedure 26(a) and 37, and in support thereof, states as follows:

1.      Plaintiff originally filed a *Complaint for Protective Order and Emergency Motion* against Redmon's Village Towing, the Illinois State Police, SWIFT and Keith Porter on December 7, 2007. The prayer for relief in said complaint essentially asked that the tractor and trailer involved in the occurrence at issue be preserved. (See Plaintiff's *Complaint for Protective Order and Emergency Motion* attached hereto as Exhibit "A.")

2.      Plaintiff sought to amend the aforementioned complaint after it was determined that the Illinois State Police had already released the tractor and trailer to SWIFT. As such, on April 8, 2008 Plaintiff filed an *Amended Complaint at Law* sounding in negligence against SWIFT and Keith Porter, only. (See Plaintiff's *Amended Complaint at Law* attached hereto as Exhibit "B.")

3.      On April 11, 2008, Defendant, SWIFT, filed a *Petition for Removal* pursuant to 28 U.S.C. Sec. 1446(d) as diversity of citizenship was created when the Illinois State Police and Redmon's Towing were not named as Defendants in Plaintiff's *Amended Complaint at Law*. Further, the amount in controversy exceed the jurisdictional limit of $75,000.00. (See Defendant's *Petition for Removal* attached hereto as Exhibit "C.")

4.      On April 14, 2008, this Honorable Court officially granted SWIFT's *Petition* and set this matter for a status hearing on May 29, 2008. (See the April 14, 2008 *Order* attached hereto as Exhibit "D.")

5.      On May 15, 2008, Defendant, SWIFT, filed an *Answer and Affirmative Defense* to denying the allegations contained Plaintiff's *Amended Complaint at Law*. SWIFT also propounded written discovery on Plaintiff on said date. (See Defendant's *Notice of Filing* and *Proof of Service* attached hereto as Exhibits "E" and "F," respectively.)

6.      On May 22, 2008, this Honorable Court struck the initial status hearing that was to take place on May 29, 2008 and re-set it for June 3, 2008. (See the May 22, 2008 *Order* attached hereto as Exhibit "G.")

7.      On June 3, 2008 Plaintiff's counsel failed to appear at the status hearing so this Honorable Court continued the hearing to June 10, 2008. (See the June, 3, 2008 *Order* attached hereto as Exhibit "H.")

8.      On June 10, 2008, this Honorable Court entered an *Order* mandating that all written and fact oral discovery was to be completed on or before October 15, 2008. (See the June 10, 2008 *Order* attached hereto as Exhibit "I.")

9.      On July 24, 2008, in an effort to comply with Federal Rule of Civil Procedure 37, Defense counsel, Matthew W. Miller sent correspondence to Plaintiff's counsel inquiring as to the status of Plaintiff's discovery answers and requesting a date for his client's deposition. (See July 24, 2008 correspondence attached hereto as Exhibit "J.")

10.     On August 11, 2008, having received no response to his July 24, 2008 mailing, Defense counsel again sent correspondence to Plaintiff's counsel inquiring as to the status of Plaintiff's discovery answers and requesting a date for his client's deposition. (See July 24, 2008 correspondence attached hereto as Exhibit "K.")

11.     On August 20, 2008, still having received no response from Plaintiff's counsel regarding Plaintiff's discovery answers or the request for a date for his client's deposition, Defense counsel telephoned Plaintiff's counsel's office. Defense counsel was informed that Plaintiff's counsel was in receipt of the aforementioned letters but would not be able to comply with written discovery until September 1, 2008. No explanation was provided as to why Plaintiff's discovery answers were delayed or when Defense counsel could expect an answer with respect to the other discovery and pleading related items.

12.     To date, Plaintiff has not obtained service of process on Defendant - Keith Porter, filed an *Answer* to Defendant – SWIFT's *Affirmative Defense*, propounded written discovery on Defendant – SWIFT, responded to Defendant – SWIFT's written discovery or provided dates when he could present himself for a discovery deposition.

13.    Defense counsel certifies that he has in good faith attempted to confer, as outlined in paragraphs 9, 10 and 11 of this motion, with Plaintiff's counsel about the discovery and pleading items listed in paragraph 12, supra.

14.    Plaintiff's delay in responding to Defendant - SWIFT's written discovery has caused this matter to be delayed and may prejudice SWIFT from being able to adequately defend itself in this matter. As such, Plaintiff should be compelled to provide a response to Defendant's written discovery within seven (7) days and produce his client within twenty-one (21) days, thereafter. Further, Plaintiff should be compelled to provide an adequate explanation for why Plaintiff has not responded to Defendant's *Affirmative Defense* or perfected service on Defendant – Keith Porter to date.

WHEREFORE, Defendant, SWIFT TRANSPORTATION COMPANY, INC., by and through its attorney, Matthew W. Miller of CASSIDAY SCHADE, LLP, request that this Honorable Court enter an Order compelling the Plaintiff, ANDREW J. SEBASTIANO, to respond to Defendant's outstanding written discovery within the next seven (7) days, present himself for a discovery deposition within twenty-one (21) days thereafter and any other relief that this Honorable Court may deem fair and equitable.

- 4 -

CASSIDAY, SCHADE LLP


By:___s/ Matthew W. Miller_____
    Attorneys for Defendant, SWIFT TRANSPORTATION
    COMPANY, INC


James A. Foster
Matthew W. Miller
Cassiday, Schade LLP
20 N. Wacker Drive, Suite 1040
Chicago, IL 60606-2903
(312) 641-3100

7152680 MMILLER

IN THE CIRCUIT COURT OF COOK COUNTY, STATE OF ILLINOIS
LAW DIVISION

ANDREW J. SEBASTIANO,                    )
                                         )
            Petitioner,                  )
                                         )        No. 2007 L 013694
        v.                               )
                                         )
REDMON'S VILLAGE TOWING, INC.            )
    d/b/a REDMON'S TOWING,               )        Redmon's Towing        2007L013694
KEITH PORTER,                            )          1323 S. Rodenburg Rd, Schaumburg 60193    CALENDAR/ROOM D
SWIFT TRANSPORT, INC.,                   )        Keith Porter, 1722 Old Hwy 97, Okanogan WA 98840
ILLINOIS STATE POLICE                    )        Swift Transport, Inc., 2200 S. 75th, Phoenix, AZ 85043    FL Motor Vehicle
                                         )        Illinois State Police, District 15
            Defendant.                   )          2700 Ogden Ave., Downer's Grove, IL 60515

SUMMONS

To each defendant: Redmon's Village Towing, Inc. d/b/a Redmon's Towing
                   Keith Porter,
                   Swift Transport, Inc.Transport, Inc.
                   Illinois State Police

        YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your
appearance in the office of the clerk of this court within 28 days after service of this summons, not counting
the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN
AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO
ATTACHED.

To the officer:

        This summons must be returned by the officer or other person to whom it was given for service,
with endorsement of service and fees, if any, immediately after service. If service cannot be made, this
summons shall be returned so endorsed.

                                         WITNESS    DEC 07 2007    , 200

                                         _____
                                         Clerk of Court

Date of Service: _____, 2007.
                (To be inserted by officer on
                copy left with defendant or
                other person)

DONALD R. BREWER
444 N. Route 31 Suite 100
Crystal Lake, IL 60012
Tel: (815) 356-6900
Fax: (815) 459-1573
Attorney No. 21793



IN THE CIRCUIT COURT OF COOK COUNTY, STATE OF ILLINOIS
LAW DIVISION

ANDREW J. SEBASTIANO,                    )
                                         )
                    Petitioner,          )
                                         )
        v.                               )        No.
                                         )
REDMON'S VILLAGE TOWING, INC.            )        2007L013694
     d/b/a REDMON'S TOWING,              )        CALENDAR/ROOM D
KEITH PORTER,                            )        TIME 00:00
SWIFT TRANSPORT, INC.,                   )        PI Motor Vehicle
ILLINOIS STATE POLICE                    )
                    Respondents.         )

## COMPLAINT FOR PROTECTIVE ORDER
## AND EMERGENCY MOTION

NOW COMES the plaintiff, ANDREW J. SEBASTIANO, ("Petitioner") by and through

his attorney, Donald R. Brewer, for his emergency motion and complaining of the Respondents,

REDMON'S TOWING, INC., KEITH PORTER, SWIFT TRANSPORT, INC. and ILLINOIS

STATE POLICE, pursuant to 735ILCS 5/2-402 (Illinois Code of Civil Procedure) requests that

this Honorable Court issue an Order precluding REDMON'S TOWING INC., KEITH PORTER,

SWIFT TRANSPORT, INC. and ILLINOIS STATE POLICE (Collectively referred to as "the

Respondents"), or any of the Respondents' representatives, from removing, dismantling, tearing

down, destroying or in any way altering a 2005 Volvo, UNE. Tractor and its tractor trailer,

Arizona License Plate AB75743 (hereinafter referred to as "subject vehicle") that was involved

in a four vehicle accident on November 2, 2007 at or near NA I-90 and M/P 19 in Hanover

Township, Illinois. In support of its Emergency Motion, the Petitioner states the following:

1.    The subject vehicle owned by Respondents SWIFT TRANSPORT, INC. and

driven by Respondent KEITH PORTER, was involved in a motor vehicle accident with another

vehicle, a 1995 Mercury Tracer Ford, operated by the Petitioner, at or around 7:00 a.m. on November 2, 2007.

2.    The Petitioner and his attorney, experts and/or consultants have not been afforded an adequate opportunity to inspect and examine the subject vehicle and its component parts, in order to prepare for potential claims against the Respondents, KEITH PORTER AND SWIFT TRANSPORT, INC.

3.    The Petitioner would be greatly and irreparably prejudiced if the subject vehicle, or any of its component parts, including but limited to its associated tractor-trailer, are in any way secreted, removed, destroyed, modified, dismantled or disposed of, either by the Respondents, their subrogors, or the attorneys, agents, experts or others on behalf of the Respondents, or by anyone having custody of or access to the subject vehicle or any of its components parts thereof, without affording the Petitioner and his counsel, experts and/or consultants a sufficient opportunity to examine, inspect, test and photograph the subject vehicle, and its component parts. Removal, destruction, secretion, concealment of the subject vehicle may make it impossible to determine the cause of the accident.

4.    Petitioner respectfully moves for an entry of an order directing that the subject vehicle and all of its component parts be preserved and kept safe by the Respondents, their subrogors, the Respondents attorneys, agents, experts or any other person or entity having custody, possession or access to the subject vehicle and any of its component parts, in order to prevent any secretion, concealment, destruction, disassembly, alteration, modification, disposal or destructive testing of the subject vehicle and any of its component parts.

5.    Petitioner further moves for an entry of protective order barring, restraining and prohibiting the Respondents, their subrogors, and their attorneys, agents, experts and employees

from secretion, concealment, destroying, disassembling, altering, modifying, disposing of, testing, or otherwise changing the present condition of the subject vehicle or any of its component parts without a prior written agreement between and among the parties consenting to such removal, destruction, disassembly, alteration, modification, disposition, testing or changing of the condition or location of the subject vehicle and its component parts, or without further order of this Court after first providing the Petitioner with no less than (14) days written notice of any motion for petition concerning the order entered by this Court in response to this Complain for Protective Order.

6. Petitioner, his subrogors, attorneys, agents, and/or consultants agree that they will not destroy, disassemble, alter, modify, dispose of, or otherwise change the present condition of either vehicle identified herein, including the subject vehicle and its component parts.

WHEREFORE, plaintiff, ANDREW J. SEBASTIANO, respectfully prays that this Honorable Court issue an Order of Protection precluding the Respondents from secretion, concealment, dismantling, tearing down, destroying or in any way altering, modifying or changing the physical condition the subject vehicle identified herein.

DONALD R. BREWER
Attorney for Plaintiff

Donald R. Brewer
444 N. Route 31 Suite 100
Crystal Lake, IL 60012
(815) 356-6900
Attorney No. 21793

# IN THE CIRCUIT COURT OF COOK COUNTY, STATE OF ILLINOIS
## LAW DIVISION

| | |
|---|---|
| ANDREW J. SEBASTIANO, | ) |
| PLAINTIFF | ) |
| | ) |
| v. | ) |
| | ) |
| KEITH PORTER, | ) |
| SWIFT TRANSPORT, INC., | ) |
| | ) |
| DEFENDANTS | ) |

2007 L 013694

## AMENDED
## COMPLAINT AT LAW

NOW COMES plaintiff ANDREW J. SEBASTIANO by and through his attorney, DONALD R. BREWER, and complaining of defendants KEITH PORTER, and

SWIFT TRANSPORT, INC. states as follows:

A.  Plaintiff ANDREW  J. SEBASTIANO is a resident of the County of

McHenry, State of Illinois.

B. Defendant KEITH PORTER is a resident of the State of Washington.

C. Defendant SWIFT TRANSPORT, INC. is a resident of the State of

Arizona.

D. On or about November 2, 2007, plaintiff ANDREW  J. SEBASTIANO was

operating his motor vehicle in an easterly direction on Interstate 90 at milepost 19

in Hanover Township in the County of Cook, State of Illinois.



# COUNT I

## KEITH PORTER

1. At said time and place, defendant KEITH PORTER was operating his motor vehicle, owned by, leased to or contracted by defendant SWIFT TRANSPORT, INC. in an easterly direction on Interstate 90 at milepost 19 in Hanover Township in the County of Cook, and directly behind the motor vehicle owned and operated by the plaintiff herein.

2. At all times mentioned herein, defendant KEITH PORTER, was an employee, agent, or contract driver for the defendant SWIFT TRANSPORT, INC.

3. At all times mentioned herein, defendant KEITH PORTER, was either operating within the scope of his employment or contract with defendant SWIFT TRANSPORT, INC., or either under or at the direction of defendant SWIFT TRANSPORT, INC..

3. At all times mentioned herein, plaintiff ANDREW J. SEBASTIANO was using due care for his own safety and the safety of others.

4. At said time and place, defendant KEITH PORTER was guilty of one or more of the following negligent acts and/or omissions:

(a) Failed to use due care traveling in traffic on Interstate 90;

(b) Failed to operate his motor vehicle in a manner necessary to avoid colliding with other vehicles;

(c) Failed to keep a proper lookout for other motor vehicles upon said highway;

(d)  Failed to give any warning to plaintiff when danger was imminent, by blowing of horn or otherwise;

(e)  Failed to equip his motor vehicle with brakes adequate to control both movement of and to stop said vehicle in the necessary time to avoid colliding with other vehicles on said highway;

(f)  Operated his motor vehicle at a speed greatly in excess of what was reasonable and proper considering the conditions of said highway and traffic thereon; in violation of 625 ILCS 5/11-601;

(g) Operated his motor vehicle in a position on said highway which was closer to the rear of plaintiff's vehicle than was reasonable and prudent, in violation of  625 ILCS 5/11-710.

(h)  Failed to control his vehicle and keep said vehicle safely within the proper traffic lane of said highway by allowing his vehicle to collide with the rear of the vehicle in traffic ahead of him to wit the vehicle of plaintiff, ANDREW  J. SEBASTIANO violation of the Illinois

(i)  Failed to yield the right-of-way to traffic in violation of ILCS 5/11-901;

(j) Operated his vehicle for a period longer than 10 hours following 8 consecutive hours off-duty or other violation of 625 ILCS 5/11-1419;

(k) Operated his motor vehicle upon said highway thereby interfering with the safe operation of other motor vehicles being operated on said highway, all in violation of  Chapter 625 Illinois Compiled Statutes,

5.  As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions by defendant,  KEITH  PORTER the aforesaid motor vehicle operated by defendant KEITH  PORTER was caused to collide with the rear of  the motor vehicle operated by plaintiff ANDREW  J.  SEBASTIANO, thereby causing plaintiff to sustain severe and permanent injuries, and as a result of said injuries plaintiff has suffered and will continue to suffer great pain, and has been and will continue to be hindered from

RX Date/Time  04/08/2008 14:30
FROM
(TUE)APR  8 2008 14:31/ST. 14:29/No. 7500000485 P  8
P. 006

attending to his usual affairs, and from following his usual occupation and has been and will be compelled to expend or become liable for large sums of money for medical care and treatment, all to his damage.

WHEREFORE, plaintiff, ANDREW J.SEBASTIANO demands judgment against defendant, KEITH  PORTER, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT II

## SWIFT TRANSPORT, INC.

1.- 3.  Plaintiff, ANDREW  J.SEBASTIANO, re-alleges paragraph 1-3 of Count I as paragraphs 1-3  of Count II.

4.  At all times mentioned herein, defendant SWIFT TRANSPORT, INC., was an employer, principal, or beneficiary of a contract with the driver of said vehicle defendant, KEITH PORTER.

5.  At said time and place, defendant SWIFT TRANSPORT, INC. had its name placed and placarded on the tractor and trailer of the vehicle driven by defendant KEITH PORTER, which was traveling on Interstate 90 at or near milepost 19 and which collided with the vehicle operated by Plaintiff, ANDREW  J.SEBASTIANO.

COPY

6.   At said time and place, defendant SWIFT TRANSPORT, INC.

was guilty of one or more of the following negligent acts and/or omissions:

(a) Failed to equip its  motor vehicle that defendant KEITH PORTER was operating with brakes adequate to control both movement of and to  stop said vehicle in the necessary time to avoid colliding with other vehicles on said highway;

(b) Failed to equip a motor vehicle, owned by others  with whom it had contracted for its use and service, with brakes adequate to control both movement of and to stop said vehicle in the necessary time to avoid colliding with other vehicles on said highway;

(c) Failed to maintain   its  motor vehicle that defendant KEITH PORTER was operating, in a safe and proper manner to enable it to be operated safely on the streets and highways of the State of Illinois and to avoid colliding with other vehicles operating  on said highway;

(d) Failed to maintain its  motor vehicle, owned by others  with whom it had contracted for its use and service, that defendant KEITH PORTER was operating, in a safe and proper manner to enable it to be operated safely on the streets and highways of the State of Illinois and to avoid colliding with other vehicles operating on said highway;

(e) Failed to monitor the operation of and allowed the operator of its vehicle, either owned, leased, or contracted from, to operate and drive the SWIFT TRANSPORT, INC. placarded vehicle for a period longer than 10 hours following 8 consecutive hours off-duty or other violation of 625 ILCS 5/11-1419;

(f) Otherwise failed to use due care in the maintenance of the vehicle described herein;

(g) Otherwise failed to monitor the operation of the vehicle described herein by the operator, defendant KEITH PORTER.

7. As a direct and proximate result of one or more of the aforesaid

negligent acts and/or omissions by defendant,  SWIFT TRANSPORT, INC.,  the

aforesaid motor vehicle operated by defendant KEITH PORTER was caused to

COPY

collide with the rear of the motor vehicle operated by plaintiff ANDREW J.

SEBASTIANO, thereby causing plaintiff to sustain severe and permanent

injuries, and as a result of said injuries plaintiff has suffered and will continue to

suffer great pain, and has been and will continue to be hindered from attending to

his usual affairs, and from following his usual occupation and has been and will

be compelled to expend or become liable for large sums of money for medical

care and treatment, all to his damage.


   WHEREFORE, plaintiff, ANDREW J. SEBASTIANO demands

judgment against defendant, SWIFT TRANSPORT, INC., in a sum in

excess of Fifty Thousand ($50,000.00) Dollars.


_____

Attorney for plaintiff



DONALD R. BREWER
444 N. Rt 31 Suite 100.
Crystal Lake, IL  60012
(815 356-6900 - Telephone
(815) 459-1573 - Facsimile
Attorney No. 21793

31856/13442/JAF/MWM                                    ARDC # 6277138

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ANDREW J. SEBASTIANO,                          )
                                               )
                Plaintiff,                     )
                                               )
        v.                                     )        No.
                                               )
SWIFT TRANSPORTATION, et al.,                  )
                                               )
                Defendants.                    )

#### PETITION FOR REMOVAL

NOW COMES Defendant, SWIFT TRANSPORTATION COMPANY, by its

attorneys, CASSIDAY SCHADE LLP, in the above entitled cause, seeking removal to this court

and in support thereof, states as follows:

1.      This action was originally commenced in the Circuit Court of Cook County, Illinois,

on December 7, 2007.  (See Copy of Plaintiff's *Complaint at Law* attached hereto as Exhibit "1").

2.      The named Defendants at the time Plaintiff filed his *Complaint at Law* were

Redmon's Village Towing, an Illinois corporation, the Illinois State Police, Swift Transport [read

Transportation] Inc., an Arizona corporation and Keith Porter, a citizen of the State of Washington.

(See Exhibit "1")

3.      Plaintiff's *Complaint at Law* was filed in attempt to force the aforementioned

Defendants to preserve the tractor-trailer Keith Porter was operating at the time of the accident.

However, the Illinois State Police released the tractor and trailer from Redmon's Village Towing

before Plaintiff could effect service on said entities.

4.     In light of the release of the tractor and trailer, on April 8, 2008 Plaintiff elected to voluntarily dismiss the Illinois State Police and Redmon's Village Towing as they are not necessary parties to Plaintiff's cause of action. (See the Circuit Court of Cook County Order attached hereto as Exhibit "2").

5.     Plaintiff then sought leave to file an *Amended Complaint at Law* naming only Swift Transport [read Transportation] Inc. and Keith Porter as Defendants. (See Plaintiff's *Amended Complaint* attached hereto as Exhibit "3") A copy of the *Amended Complaint* was served on the petitioner on April 8, 2008.  This notice is filed within thirty (30) days after service of the *Amended Complaint* on the Defendant.

6.     When the Illinois State Police and Redmon's Village Towing were not named as Defendants in Plaintiff's *Amended Complaint*, diversity of citizenship was created amongst the remaining parties to this lawsuit.

7.     At the time the action was commenced, and since then, SWIFT TRANSPORTATION COMPANY, INC., was and is a corporation organized and existing under the laws of the State of Arizona with its principal place of business in Arizona.  (See Illinois Secretary of State Corporation File Detail Report attached hereto as Exhibit "4").

8.     Upon information and belief, Co-Defendant Keith Porter was and is a citizen of the State of Washington. (See the Illinois Crash Report attached hereto as Exhibit "5")

9.     Upon information and belief, Plaintiff was and is a citizen of the State of Illinois. (See Paragraph A of Plaintiff's *Amended Complaint at Law* previously attached hereto as Exhibit "3")

10.     Based on multiple conversations with Plaintiff's counsel regarding the cost of Plaintiff's medical treatment and lost time from work, the amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interests and costs. (See generally Exhibit "3")

11.     This action is a civil one in which the United States District Courts have original jurisdiction under 28 USC 1332.

12.     Defendant attached to the original notice copies of all process, pleadings and orders that have been served on it.

WHEREFORE, the Defendant, SWIFT TRANSPORTATION COMPANY, INC. prays that this cause be removed to the United States District Court for the Northern District of Illinois.

Respectfully Submitted,

CASSIDAY SCHADE, LLP

By:     s/Matthew W. Miller
        Attorneys for SWIFT TRANSPORTATION
        COMPANY, INC.

James A. Foster
Matthew W. Miller
Cassiday Schade, LLP
20 North Wacker Drive, Ste. 1040
Chicago, IL 60606
312.641.3100

7106245 MMILLER

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.1.3
### Eastern Division

Andrew J. Sebastiano

       Plaintiff,

v.              Case No.: 1:08–cv–02074
                Honorable Marvin E. Aspen

Keith Porter, et al.

        Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, April 14, 2008:

   MINUTE entry before Judge Honorable Marvin E. Aspen dated 4/14/08:Status hearing set for 5/29/2008 at 10:30 AM., in Courtroom 2525. Judicial staff mailed notice(gl, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

Matthew W. Miller
Cassiday Shade LLP
20 N. Wacker Drive
Suite 1040
Chicago IL 60606–2903
US

31856/13442/JAF/MWM

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| ANDREW J. SEBASTIANO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 L 13694 |
| | ) | |
| v. | ) | Judge Marvin Aspen |
| | ) | |
| REDMON'S VILLAGE TOWING, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE - ELECTRONIC/U.S. MAIL/FAX

The undersigned certifies that on **May 15, 2008**, the following described document(s) was served upon all Filing Users pursuant to General Order on Electronic Case Filing, and upon all Non-Filing Users pursuant to LR 5.5:

DOCUMENT DESCRIPTION:                Defendant, Swift Transportation Company, Inc.'s Answer and Affirmative Defense to Plaintiff's Amended Complaint at Law

ADDRESSED AS FOLLOWS:                Donald R. Brewer
444 N. Route 31, Suite 100
Crystal Lake IL 60012
(815) 356-6900
(815) 459-1573

Under penalties provided by law, pursuant to 735 ILCS 5/1-109, the undersigned certifies that the statements made herein are true and correct.

_s/ Matthew W. Miller_____
One of the Attorneys for Defendant,
SWIFT TRANSPORTATION COMPANY.,
INC.

Matthew W. Miller
ARDC #: 6280632
CASSIDAY SCHADE LLP
20 N. Wacker Dr., #1040
Chicago, IL 60606
(312) 641-3100
7119124 MMILLER;BWEEKS

31856/13442/JAF/MWM                                                      ARDC#6280632

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

ANDREW J. SEBASTIANO,                    )
                                         )
        Plaintiff,                       )
                                         )
                                         )      No. 08 CV 02074
        v.                               )
                                         )
                                         )      Hon. Judge Marvin Aspen
SWIFT TRANSPORTATION, et al.,            )
                                         )
        Defendants.                      )

## DEFENDANT, SWIFT TRANSPORTATION COMPANY, INC.'S ANSWER AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S AMENDED COMPLAINT AT LAW

NOW COMES the Defendant, SWIFT TRANSPORTATION COMPANY, INC., by and through its attorney, Matthew W. Miller of CASSIDAY SCHADE, LLP, and for its *Answer* and *Affirmative Defense* to Plaintiff's *Amended Complaint at Law*, states as follows:

1.    Defendant, SWIFT TRANSPORTATION COMPANY, INC, has no personal knowledge of the allegations contained in paragraph 1 of Plaintiff's *Amended Complaint at Law* and therefore cannot admit or deny said allegations but demands strict proof thereof.

2.    Defendant, SWIFT TRANSPORTATION COMPANY, INC, has no personal knowledge of the allegations contained in paragraph 2 of Plaintiff's *Amended Complaint at Law* and therefore cannot admit or deny said allegations but demands strict proof thereof.

3.    Defendant, SWIFT TRANSPORTATION COMPANY, INC, admits that it is a corporate citizen of the State of Arizona.

4. Defendant, SWIFT TRANSPORTATION COMPANY, INC, has no personal knowledge of the allegations contained in paragraph 4 of Plaintiff's *Amended Complaint at Law* and therefore cannot admit or deny said allegations but demands strict proof thereof.

## COUNT I

### KEITH PORTER

Defendant, SWIFT TRANSPORTATION COMPANY, INC., makes no answer to Count I of Plaintiff's *Amended Complaint at Law,* as it is not directed at this Defendant. To the extent that any allegations are, or are intended to be directed at Defendant, SWIFT TRANSPORTATION COMPANY, INC., those allegations are hereby denied.

## COUNT II

### SWIFT TRANSPORTATION COMPANY, INC.

1. Defendant admits that it owned the tractor Co-Defendant Keith Porter was operating on November 2, 2007. Defendant has no personal knowledge of the remaining allegations contained in paragraph 1 of Count II of Plaintiff's *Amended Complaint at Law* and therefore cannot admit or deny said allegations but demands strict proof thereof.

2. Admit.

3. Admit.

4. Defendant admits that Co-Defendant Keith Porter was an employee of SWIFT TRANSPORTATION COMPANY on November 2, 2007.

5. Defendant admits that it had its name placarded on the tractor and trailer Co-Defendant Keith Porter was operating on November 2, 2007. Defendant has no personal knowledge

of the remaining allegations contained in paragraph 5 of Count II of Plaintiff's *Amended Complaint at Law* and therefore cannot admit or deny said allegations but demands strict proof thereof.

6.    Defendant, SWIFT TRANSPORTATION COMPANY, INC., denies the allegations contained in paragraph 6 of Count II of Plaintiff's *Amended Complaint at Law*, including those allegations contained in subparagraphs (a)-(g).

7.    Denied.

## AFFIRMATIVE DEFENSE – CONTRIBUTORY NEGLIGENCE

Pursuant to Rule 8(c), Defendant, SWIFT TRANSPORTATION COMPANY, INC. asserts the following Affirmative Defense:

1.    That on or about November 2, 2007 and at the time and place alleged in Plaintiff's *Amended Complaint at Law*, ANDREW J. SEBASTIANO, owed a duty of care to himself and the drivers of certain other vehicles then and there on the roadway.

2.    That Plaintiff, ANDREW J. SEBASTIANO, own negligence or fault caused or contributed to the alleged motor vehicle accident and the damages and injuries allegedly arising therefrom in one or more of the following negligent and careless ways:

3.    That Plaintiff, ANDREW J. SEBASTIANO:

    a)  Failed to maintain a proper lookout for other traffic;
    b)  Failed to reduce speed or change direction in order to avoid an accident;
    c)  Operated his vehicle at a rate of speed which was greater than was reasonable and proper for the conditions;
    d)  Failed to equip said vehicle with adequate brakes; and
    e)  was otherwise careless and negligent.

4.    That said breaches of duty contributed to or were the proximate cause of any damages sustained by Plaintiff, including any property damage sustained to Plaintiff's vehicle at the time of impact with the Defendant's vehicle.

5.    That the negligence of Plaintiff, ANDREW J. SEBASTIANO constituted greater than 50% of the total negligence such that SWIFT TRANSPORTATION COMPANY, INC. is entitled to judgment as a matter of law. Alternatively, to the extent the trier of fact finds the negligence of ANDREW J. SEBASTIANO to be less than 50%, Defendant is entitled to a reduction in the award against it in an amount commensurate with the degree of fault attributable to the negligent conduct of SWIFT TRANSPORTATION COMPANY, INC.

WHEREFORE, Defendant, SWIFT TRANSPORTATION COMPANY, INC., respectfully prays that Plaintiff be barred from recovery on his *Amended Complaint at Law* and, in the alternative, that this Court reduce any judgments in Plaintiff's favor by an amount commensurate with Plaintiff's degree of contributory fault in proximately causing the alleged damages at issue.

CASSIDAY SCHADE LLP

By: s/ Matthew W. Miller
Attorneys for SWIFT TRANSPORTATION COMPANY,
INC.

James A. Foster
Matthew W. Miller
Cassiday Schade, LLP
20 North Wacker Drive, Ste. 1040
Chicago, IL  60606-2903
312/641-3100
7118637 MMILLER

CM/ECF LIVE, Ver 3.1.3 - U.S. District Court, Northern Illinois                    Page 1 of 1


**Answers to Complaints**
<u>1:08-cv-02074 Sebastiano v. Porter</u>
VALDEZ



## United States District Court

### Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3

**Notice of Electronic Filing**

The following transaction was entered by Miller, Matthew on 5/15/2008 at 1:13 PM CDT and filed on 5/15/2008
**Case Name:**          Sebastiano v. Porter
**Case Number:**        <u>1:08-cv-2074</u>
**Filer:**              Swift Transportation
**Document Number:** <u>7</u>

**Docket Text:**
*Defendant Swift Transportation's Answer and Affirmative Defense to Plaintiff's Amended Complaint at Law* ANSWER to Complaint with Jury Demand by Swift Transportation (Attachments: # (1) Certificate of Service for Defendant Swift Transportation's Answer and Affirmative Defense to Plaintiff's Amended Complaint at Law)(Miller, Matthew)


**1:08-cv-2074 Notice has been electronically mailed to:**

Donald Ray Brewer     luvtojog52@aol.com

Matthew W Miller     mwm@cassiday.com

**1:08-cv-2074 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=5/15/2008] [FileNumber=4803390-0
] [ad7a99a22ccf61d0caf63997761eea2ec59d8472ada036d53fade4b695d8785d779
d7fb9aa78ed182c60f8dcc6daa17ed3fba89f4d7672736ea8e408913ba513]]
**Document description:**Certificate of Service for Defendant Swift Transportation's Answer and Affirmative Defense to Plaintiff's Amended Complaint at Law
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=5/15/2008] [FileNumber=4803390-1
] [3e2ac8e30a349d6163a60c61d53d40f6cd2d2e794445ebd2b95114d0fe8f37bbf06
657d96fabad6be2ffe8f0963277b9b2310f04e9d5138678dc1eb62d97294f]]

31856/13442/JAF/MWM

ARDC#6280632

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW J. SEBASTIANO,        ) | |
|                        ) | |
|          Plaintiff,       ) | |
|                        ) | |
|                        ) | No. 07 L 13694 |
|          v.             ) | |
|                        ) | Hon. Judge Marvin Aspen |
| SWIFT TRANSPORTATION, et al.,   ) | |
|                        ) | |
|         Defendants.     ) | |

## PROOF OF SERVICE

The undersigned, being first duly sworn upon oath, deposes and states that on **May 15, 2008,** the following described document(s) was served by placing a true and correct copy thereof in an envelope(s), addressed as shown below; that said envelope(s) was sealed; that sufficient U.S. Postage for first class mail was placed therein, and the same was deposited in the U.S. Mail at Chicago, Illinois at or about the hour of 5:00 p.m.

DOCUMENT DESCRIPTION:        **Interrogatories to Plaintiff**

ADDRESSED AS FOLLOWS:        Donald R. Brewer
                                 444 N. Route 31, Suite 100
                                 Crystal Lake IL 60012
                                 (815) 356-6900
                                 (815) 459-1573

Under penalties provided by law, pursuant to 735 ILCS 5/1-109, the undersigned certifies that the statements made herein are true and correct.

*Matthew W. Miller*

One of the Attorneys for Defendant, Swift
Transportation Company, Inc.

Matthew W. Miller
CASSIDAY SCHADE LLP
20 N. Wacker Dr., #1040
Chicago, IL 60606
(312) 641-3100
7119467 MMILLER;BWEEKS

31856/13442/JAF/MWM                                            ARDC#6280632

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

ANDREW J. SEBASTIANO,                    )
                                         )
                Plaintiff,               )
                                         )        No. 08 CV 02074
        v.                               )
                                         )
SWIFT TRANSPORTATION, et al.,            )
                                         )
                Defendants.              )

## INTERROGATORIES TO PLAINTIFF

NOW COMES Defendant, SWIFT TRANSPORTATION COMPANY, INC. by and
through its attorney, Matthew W. Miller of CASSIDAY SCHADE LLP, and propounds the
following Interrogatories to be answered under oath by the Plaintiff, ANDREW J. SEBASTIANO
within twenty-eight (28) days hereof:

    1.    State your full name, age, address and social security number.

ANSWER:


    2.    State the full name and address of each person who witnessed or claims to
have witnessed the occurrence alleged in your Amended Complaint.

ANSWER:


    3.    State the full name and address of each person not named in No. 2 above
who was present or claims to have been present at the scene immediately before, at the time of or
immediately after said occurrence.

ANSWER:

4.    Describe in general the personal injuries sustained by you as a result of said occurrence.

ANSWER:


5.    With regard to said injuries, state the name and address of each treating or consulting physician, radiology or laboratory service, or other medical provider, the dates of their respective services, and the amounts billed or charged for said services.

ANSWER:


6.    As the result of said personal injuries, were you a patient or outpatient in any hospital or clinic? If so, state the names and addresses of each such hospital or clinic, the date or inclusive dates of said services, and the amounts billed or charged for said services.

ANSWER:


7.    As the result of said personal injuries, were you unable to work? If so, state (a) the name and address of your employer, if any, at said time, (b) the date or inclusive dates on which you were unable to work, (c) the amount of wage or income loss claimed by you, and (d) the name and address of your present employer if any.

ANSWER:


8.    Were you the owner of any vehicle involved in said occurrence? If so, was said vehicle repaired and, if so, when, where and by whom and what was the costs of said repairs. Also state the present whereabouts of said vehicle.

ANSWER:


9.    State any and all other expenses or losses you claim as the result of said occurrence.

ANSWER:


10.    As a result of said occurrence were you made a defendant in any criminal or traffic case?  If so, state the Court, the case number, the charge or charges placed against you and whether you pleaded guilty thereto.

ANSWER:


11.    During the five years immediately prior to the date of said occurrence had you been confined in a hospital, treated by a physician or x-rayed for any reason other than personal injury?  If so, give the name and address of each hospital, physician, technician or clinic, the approximate date of such confinement or service and state, in general the reason for such confinement, or service.

ANSWER:

12.    Had you suffered any serious personal injury prior to the date of said occurrence?  If so, state when, where and in general how you were injured and describe in general the injuries suffered.

ANSWER:

13.    Have you suffered either (a) any personal injury or (b) serious illness, since the date of said occurrence?  If so, for (a) state when, where and in general how you were injured and describe in general the injuries suffered; and, for (b) state when you were ill and describe in general the illness.

ANSWER:


14.    Have you ever filed any other suit for your own personal injuries?  If so, state the Court in which filed, the year filed and title and docket number of said case.

ANSWER:


15.    Were any photographs taken of the scene of the occurrence or of the persons or vehicles involved?  If so, state the date or dates on which such photographs were taken, the subjects thereof and who now has custody of them.

ANSWER:


16.    Do you have statements from any witnesses other than yourself?  If so, give the name and address of each such witness, the date of said statement and state whether such statement was written or oral.

ANSWER:


17.    List the names and addresses of all other persons (other than yourself and persons heretofore listed or specifically excluded) who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom.

ANSWER:


18.    Furnish the identity and location of all witnesses who will testify at trial and the subject of each witness' testimony.

ANSWER:


CASSIDAY SCHADE LLP

By:_____
Attorneys for Defendant, SWIFT
TRANSPORTATION COMPANY, INC.,


James A. Foster
Matthew W. Miller
Cassiday Schade LLP
20 N. Wacker Drive, Ste. 1040
Chicago, IL  60606
(312) 641-3100
(312) 444-1669 (Fax)

7118673 MMILLER

31856/13442/JAF/MWM

ARDC#6280632

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW J. SEBASTIANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 07 L 13694 |
| v. | ) | |
| | ) | Hon. Judge Marvin Aspen |
| SWIFT TRANSPORTATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PROOF OF SERVICE

The undersigned, being first duly sworn upon oath, deposes and states that on **May 15, 2008**, the following described document(s) was served by placing a true and correct copy thereof in an envelope(s), addressed as shown below; that said envelope(s) was sealed; that sufficient U.S. Postage for first class mail was placed therein, and the same was deposited in the U.S. Mail at Chicago, Illinois at or about the hour of 5:00 p.m.

DOCUMENT DESCRIPTION:          **Request for Production**

ADDRESSED AS FOLLOWS:          Donald R. Brewer
                               444 N. Route 31, Suite 100
                               Crystal Lake IL 60012
                               (815) 356-6900
                               (815) 459-1573

Under penalties provided by law, pursuant to 735 ILCS 5/1-109, the undersigned certifies that the statements made herein are true and correct.

_____
One of the Attorneys for Defendant, Swift
Transportation Company, Inc.

Matthew W. Miller
CASSIDAY SCHADE LLP
20 N. Wacker Dr., #1040
Chicago, IL 60606
(312) 641-3100
7119474 MMILLER;BWEEKS

31856/13442/JAF/MWM                                              ARDC#6280632

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

ANDREW J. SEBASTIANO,                    )
                                         )
                Plaintiff,               )
                                         )        No. 08 CV 02074
        v.                               )
                                         )
SWIFT TRANSPORTATION, et al.,            )
                                         )
                Defendants.              )

## REQUEST FOR PRODUCTION

NOW COMES the Defendant, SWIFT TRANSPORTATION COMPANY, INC., by and

through its attorney, Matthew W. Miller of CASSIDAY SCHADE LLP, respectfully request that

the Plaintiff, ANDREW J. SEBASTIANO, and his attorneys and agents, produce within twenty-

eight (28) days at the offices of CASSIDAY SCHADE LLP, for inspection and copying, the

following:

1.      Where a party has given a statement, oral or written or court reported, signed or

unsigned, to some person or entity other than his attorney or insurer, said statement shall be

produced by the person or entity to whom it was given or transferred.

2.      Any and all statements, signed or unsigned, oral or written or court reported, from

any person who witnessed or claims to have witnessed the occurrence specified in the Plaintiff's

Complaint at Law, or who was present at the scene of the occurrence at the time of, or immediately

prior or subsequent to said occurrence, or who has or claims to have knowledge of any of the facts

of the occurrence specified in the Plaintiff's *Amended Complaint at Law*.

3.      Any and all photographs, slides, motion pictures, video tapes, or other photographic

reproductions, taken subsequent to the alleged occurrence depicting any injuries allegedly received

by the Plaintiff, any physical objects involved in the occurrence and/or the scene of the alleged accident.

4.    Any and all data including, but not limited to, all hospital and medical records, x-rays, pathology records and reports, and hospital and emergency room charts, pertaining to the physical or mental condition of the Plaintiff, prior or subsequent to the alleged occurrence, including, inter alia, injuries sustained in other accidents.

5.    A list giving the names, addresses, and specialists of all expert witnesses, other than non-treating, purely consultant experts who are not to testify at the trial, omitting all persons already listed above.

6.    Copies of reports, memoranda or other writings of all experts listed in paragraph (5) above.

7.    Copies of the Plaintiff's federal income tax returns, including all schedules and attachments thereto, filed for the years 2003; 2004; 2005, 2006 and 2007 or, in the alternative, request that the Plaintiff execute authorizations, attached hereto and served upon you herewith, permitting the Internal Revenue Service to produce said returns.

8.    All data, tape recordings, records, writings, texts, literature, standards, books, by-laws, articles, guidelines, charts, tests, statutes, rules and regulations and any investigations Plaintiff, his agents, attorneys and representatives have supporting and/or contradicting any allegations against this Defendant.

9.    Complete, unedited, and unabridged copies of any and all police, accident, incident or ambulance reports prepared in conjunction with the occurrence set forth in the Plaintiff's *Amended Complaint at Law.*

10.     All documents requested to be produced by this Defendant in interrogatories which were not attached to the answers to interrogatories, if any.

11.     All correspondence from or to this Defendant and its agents, employees, representatives and servants.

12.     It is hereby further requested that the Plaintiff and/or his attorneys, in compliance with this request for production shall furnish an affidavit stating whether the production is complete in accordance with this request and provided for in Illinois Supreme Court Rule 214.

CASSIDAY SCHADE LLP

By: _____
Attorneys for Defendant SWIFT
TRANSPORTATION COMPANY, INC.

James A. Foster
Matthew W. Miller
CASSIDAY SCHADE LLP
20 North Wacker Drive, Ste. 1040
Chicago, IL 60606
Phone:    (312) 641-3100
Fax:       (312) 444-1669

7118687 MMILLER

## Miller, Matthew W.

**From:** usdc_ecf_ilnd@ilnd.uscourts.gov
**Sent:** Thursday, May 22, 2008 12:04 PM
**To:** ecfmail_ilnd@ilnd.uscourts.gov
**Subject:** Activity in Case 1:08-cv-02074 Sebastiano v. Porter terminate hearings

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3

## Notice of Electronic Filing

The following transaction was entered on 5/22/2008 at 12:04 PM CDT and filed on 5/22/2008
**Case Name:**       Sebastiano v. Porter
**Case Number:**    1:08-cv-2074
**Filer:**
**Document Number:** 8

**Docket Text:**
**MINUTE entry before the Honorable Marvin E. Aspen dated 5/22/08:The status hearing set for 5/29/08 is reset to 6/3/2008 at 10:30 AM.Judicial staff mailed notice (gl, )**

**1:08-cv-2074 Notice has been electronically mailed to:**

Donald Ray Brewer     luvtojog52@aol.com

Matthew W Miller     mwm@cassiday.com

**1:08-cv-2074 Notice has been delivered by other means to:**

**Miller, Matthew W.**

| | |
|---|---|
| **From:** | usdc_ecf_ilnd@ilnd.uscourts.gov |
| **Sent:** | Tuesday, June 03, 2008 12:19 PM |
| **To:** | ecfmail_ilnd@ilnd.uscourts.gov |
| **Subject:** | Activity in Case 1:08-cv-02074 Sebastiano v. Porter status hearing |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### United States District Court

### Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1

#### Notice of Electronic Filing

The following transaction was entered on 6/3/2008 at 12:18 PM CDT and filed on 6/3/2008
**Case Name:**       Sebastiano v. Porter
**Case Number:**     1:08-cv-2074
**Filer:**
**Document Number:** 9

**Docket Text:**
**MINUTE entry before the Honorable Marvin E. Aspen:Status hearing held on 6/3/2008. Plaintiff's counsel fails to appear. Defendants counsel appears. Status hearing is continued to 6/10/2008 at 10:30 AM. Plaintiffs failure to appear for next status will result in the case being dismissed for want of prosecution. Parties are to file in advance of the status date a joint discovery plan. Judicial staff mailed notice (gl, )**

**1:08-cv-2074 Notice has been electronically mailed to:**

Donald Ray Brewer     luvtojog52@aol.com

Matthew W Miller     mwm@cassiday.com

**1:08-cv-2074 Notice has been delivered by other means to:**

Page 1 of 1

**Miller, Matthew W.**

| | |
|---|---|
| **From:** | usdc_ecf_ilnd@ilnd.uscourts.gov |
| **Sent:** | Tuesday, June 10, 2008 12:25 PM |
| **To:** | ecfmail_ilnd@ilnd.uscourts.gov |
| **Subject:** | Activity in Case 1:08-cv-02074 Sebastiano v. Porter status hearing |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**United States District Court**

**Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1**

**Notice of Electronic Filing**

The following transaction was entered on 6/10/2008 at 12:25 PM CDT and filed on 6/10/2008
**Case Name:**      Sebastiano v. Porter
**Case Number:**   1:08-cv-2074
**Filer:**
**Document Number:** 10

**Docket Text:**
**MINUTE entry before the Honorable Marvin E. Aspen:Status hearing held on 6/10/2008 and continued to 11/6/08 at 10:30 a.m. All Discovery ordered closed by 10/15/2008., Parties are to file a joint pretrial order in open court on 11/6/2008 at 10:30 AM. Judicial staff mailed notice (gl, )**

**1:08-cv-2074 Notice has been electronically mailed to:**

Donald Ray Brewer    luvtojog52@aol.com

Matthew W Miller    mwm@cassiday.com

**1:08-cv-2074 Notice has been delivered by other means to:**

**cassidayschade** LLP

CASSIDAY SCHADE LLP CHICAGO
20 NORTH WACKER DRIVE, SUITE 1040
OFFICE 312 641 3100    FAX 312 444 1669    CHICAGO, ILLINOIS 60606    CASSIDAY.COM

July 24, 2008

WRITER'S DIRECT DIAL 312-469-5130

Donald R. Brewer
444 N. Route 31, Suite 100
Crystal Lake IL 60012

|       | Re:          | Our File No.: | 31856/13442/JAF/MWM |
|-------|--------------|---------------|---------------------|
|       |              | Insured:      | Keith Porter and Swift Transportation Co., Inc., incorrectly sued as Swift Transport, Inc. |
|       |              | Claimant:     | Andrew J. Sebastiano |
|       |              | D/A:          | November 2, 2007 |
|       |              | Your File No.:| 1-0711-0204-4537 |

Dear Mr. Brewer:

　　　Please be advised that this correspondence has been sent to inquire about your client's answers to Defendant's written discovery. As you are aware, we propounded written discovery on your client on May 15, 2008, however, we have not received an answer to date. Therefore, we request that you tender an answer to Defendant's written discovery within fourteen (14) days. We also request that you provide dates before October 15, 2008 when your client can present himself for a deposition in this matter.

Sincerely,

Cassiday Schade LLP

*Matthew W. Miller*

Matthew W. Miller

7143051 MMILLER

cassidayschade LLP

CASSIDAY SCHADE LLP CHICAGO
20 NORTH WACKER DRIVE, SUITE 1040
OFFICE 312 641 3100   FAX 312 444 1669   CHICAGO, ILLINOIS 60606   CASSIDAY.COM

August 11, 2008

WRITER'S DIRECT DIAL 312-469-5130

Donald R. Brewer
444 N. Route 31, Suite 100
Crystal Lake IL 60012

Re:    Our File No.:        31856/13442/JAF/MWM
       Insured:             Keith Porter and Swift Transportation Co., Inc., incorrectly sued as
                            Swift Transport, Inc.
       Claimant:            Andrew J. Sebastiano
       D/A:                 November 2, 2007
       Your File No.:       1-0711-0204-4537

Dear Mr. Brewer:

    Please be advised that this correspondence has been sent to follow up on my mailing of July 24, 2008 wherein I inquired about your client's answers to Defendant's written discovery. As you are aware, we propounded written discovery on your client on May 15, 2008, however, we have not received an answer to date. Therefore, we request that you tender an answer to Defendant's written discovery within seven (7) days. We also request that you provide dates before October 15, 2008 when your client can present himself for a deposition in this matter. If you fail to comply with the aforementioned requests, we will file a motion to compel.

Sincerely,

Cassiday Schade LLP

Matthew W. Miller

7147672 MMILLER