IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW J. SEBASTIANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 2074 |
| v. ) | |
| ) | Magistrate Judge Maria Valdez |
| SWIFT TRANSPORTATION CO., INC.; ) | |
| and KEITH PORTER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## REPORT AND RECOMMENDATION

Maria Valdez, Magistrate Judge.

This matter was referred to this Court for a Report and Recommendation on Defendant Swift Transportation Co., Inc's ("Swift") motion to dismiss [Doc. No. 19]. For the reasons that follow, this Court recommends that the motion be denied without prejudice.

## BACKGROUND

Swift's motion seeks to dismiss the complaint as a sanction for Plaintiff Andrew Sebastiano's failure to respond to written discovery and violation of court orders. Swift propounded written discovery on Sebastiano on May 15, 2008. The case was set for status before the District Court on June 3, 2008. Plaintiff's counsel failed to appear, and the status was continued to June 10, 2008. The June 3, 2008 minute order issued by the District Court warned that failure to appear at the next status would result in the case being dismissed for want of

prosecution. At the June 10, 2008, status hearing, the District Court ordered that discovery was to be closed by October 15, 2008. On July 24 and August 11, 2008, Swift's counsel sent correspondence to Sebastiano's attorney inquiring about the status of Sebastiano's discovery responses and deposition scheduling. On August 20, 2008, Swift's counsel telephoned Sebastiano's counsel and was allegedly informed that the July 24 and August 11 letters were received, but Plaintiff could not respond to the written discovery requests until September 1, 2008.

The following day, August 21, 2008, Swift filed a motion to compel Plaintiff to respond to written discovery and to present himself for a deposition. After the motion was referred to this Court, Swift filed an amended notice of motion on September 4, 2008, which provided that the motion was to be heard on September 16, 2008. Plaintiff failed to appear on the presentment date, and the motion was continued to September 23, 2008. The September 16 minute order issued by this Court ordered Plaintiff's counsel to appear on September 23 and further stated that failure to appear may result in sanctions. Plaintiff's counsel nevertheless did not appear at the September 23 motion hearing. This Court granted Swift's motion to compel and ordered Plaintiff's counsel to answer written discovery by September 25, 2008.

On October 2, 2008, Swift filed the present motion to dismiss, stating that Plaintiff's counsel has failed to appear at three of four scheduled court appearances and that Plaintiff has not (1) responded to any of Swift's discovery requests; (2) provided any dates to present himself for a deposition; or (3) obtained service of process on defendant Keith Porter.[1]

## DISCUSSION

---

[1] Swift also argues that Sebastiano has not yet filed an answer to Swift's affirmative defense, but that form of pleading is not required by the Federal Rules of Civil Procedure. *Cf.* Fed. R. Civ. P. 7(a); Fed. R. Civ. P. 8(c).

Swift's motion seeks to dismiss Sebastiano's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 37, which provides that the court may issue sanctions, including dismissal, against a party who fails to respond to a request for discovery under Rule 34. Fed. R. Civ. P. 37(d)(3); *see* Fed. R. Civ. P. 37(b)(2)(A)(v). Whether to award sanctions under Rule 37 is a matter for the court's discretion. *In re Golant (Golant v. Levy)*, 239 F.3d 931, 937 (7th Cir. 2001).

In awarding sanctions under Rule 37, courts are not required to choose the least severe sanction available, but "'the sanction selected must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction.'" *Id.* (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 739 n.5 (7th Cir. 1998)). Factors to be considered by the Court include "the gravity of the misconduct, the prejudice if any to the defendant, and whether the suit has any possible merit." *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000).

The sanction of dismissal is "to be used 'only in extreme situations.'" *In re Golant*, 239 F.3d at 937 (citation omitted). "[A] Rule 37(b)(2)[(A)(v)] dismissal, unlike Rule 41(b) dismissal, requires both a failure to comply with a discovery order and a showing of willfulness, bad faith, or fault." *Ladien v. Astrachan*, 128 F.3d 1051, 1056 n.5 (7th Cir. 1997); *see also In re Golant*, 239 F.3d at 936 & n.1 (noting that the standard of bad faith is not always clear and that some cases have held that dismissal must only be supported by "'clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing'") (quoting *Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998)).

In addition, a court should not dismiss a case pursuant to Rule 37(b)(2) "'without due warning to the plaintiff's counsel.'" *Spain v. Bd of Educ.*, 214 F.3d 925, 929-30 (7th Cir. 2000) (citation omitted); *see Bolt*, 227 F.3d at 856; *see also In re Golant*, 239 F.3d at 937 & n.3

(holding that a court's warning that it would consider sanctions against a debtor, including denying him discharge, was sufficient notice).

In his response to the motion, Sebastiano's counsel does not dispute that his discovery responses were delayed or that he missed at least three court appearances in this case, but he argues that these failures were unintentional. He claims that he believed the discovery responses were originally sent to Swift's counsel prior to August 20, 2008, although this belief was mistaken. He contends that Plaintiff's discovery responses (in the form of amended interrogatory answers and document production) are in the process of being compiled and forwarded to defense counsel. Plaintiff's counsel further claims that he was not aware of most of the court dates and orders entered by the court at least in part due to alleged problems his office has had with the Federal Court's electronic filing system. He apologized to the court for his dilatory conduct and states that he will miss no further court appearances. Finally, he argues that his conduct has resulted in no prejudice to Swift.

The Court would be well within its discretion to recommend dismissal as a sanction in this case due to the clear record of unexcused delay in the face of warnings of potential sanctions, from both this Court and the District Court. While the Court finds no evidence of willfulness or bad faith, Plaintiff's counsel is clearly at fault for his untimely discovery responses as well as his failure to appear at all scheduled court hearings and comply with express court orders to appear. His actions are not excused by any problems he may have had with the court's electronic filing system. It was his duty to ensure he received proper notice from the clerk's office, whether through electronic or other means.

Nevertheless, the Court finds that the sanction of dismissal is disproportionate to the misconduct in this case, given that there is no evidence of prejudice to Swift, the lawsuit is not

without merit on its face, and in light of Plaintiff's counsel's assurances that the errors have been and will be addressed. The Court is also wary of recommending dismissal of the case because there is no indication that Sebastiano himself caused or participated in any of the dilatory behavior. *See Anderson v. United Parcel Serv.*, 715 F.2d 313, 315 (7th Cir. 1990) ("We have in the past expressed reluctance to affirm a dismissal where there is no sign of client neglect or awareness of the attorney's neglect."); *see Ladien*, 128 F.3d at 1057 n.6.

The Court therefore concludes that sanctions are not warranted at this time. Plaintiff's attorney is cautioned, however, that any future failure to appear for scheduled court hearings and/or comply with the Federal Rules of Civil Procedure or court orders may result in immediate and summary dismissal of this action with prejudice.

## CONCLUSION

For the foregoing reasons, this Court recommends that Defendant Swift Transportation Co., Inc's Motion to Dismiss [Doc. No. 19] be denied without prejudice.

Counsel has ten days from the date of service of this Court's Report and Recommendation to file objections with the District Court. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Lorentzen v. Anderson Pest Control,* 64 F.3d 327 (7th Cir. 1995).

**SO ORDERED.**  **ENTERED:**

**DATE:** **February 5, 2009**  _____

**HON. MARIA VALDEZ**
**United States Magistrate Judge**